IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA **FILED**

| | | |
|---|---|---|
| **SUSAN P. ISAAC,** | ) | |
| *As administrator of the estate of Adebe S. Isaac,* | ) | JUL 2 5 2008 |
| *deceased, and on behalf of decedent's survivors,* | ) | MICHAEL E. KUNZ, Clerk |
| | ) | By_____Dep. Clerk |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **No. 08-cv-2505** |
| **DONTATE MITCHELL, et al.,** | ) | |
| | ) | |
| **Defendants**. | ) | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                    **July 25, 2008**

Before the Court is Plaintiff Susan Isaac's Motion to Remand[1] pursuant to 28 U.S.C. §

1446 and 28 U.S.C. § 1441(c), and Defendants City of Philadelphia and George Marko's

Response in Opposition.[2]  For the reasons that follow, the Court will grant Plaintiff's Motion.

### I.  Factual and Procedural Background

On January 1, 2008, Decedent Abebe Isaac was attending a New Year's Eve party at a

private house located at 5644 Boyer Street in Philadelphia.[3]  Defendant Dontate Mitchell,

another party guest, possessed a firearm outside the building.[4]  Defendant Police Officer George

Marko and his partner arrived on the scene, at which point Mitchell fled back into the home

---

[1] Doc. No. 2.

[2] Doc. No. 3.

[3] Compl. ¶ 9.

[4] Id. ¶ 10.

where the party was being held.[5]  Marko drew his weapon and fired eleven gunshots at Mitchell

as he fled, firing several shots into the home through a closed storm door.[6]  Decedent was struck

five times as he attempted to avoid the gunfire and protect a child.[7]  He was treated at an area

hosptial for gunshot wounds to the thigh, calf, back, arm, and face.[8]  On January 7, 2008,

Decedent died as a result of his wounds.[9]

On April 25, 2008, as Administrator of Decedent's estate, Susan Isaac filed this action in

the Court of Common Pleas for Philadelphia County on behalf of Decedent and Decedent's

surviving children and mother.  The Complaint alleges the following claims: reckless disregard

of safety against Marko; outrageous conduct causing severe emotional distress against Marko

and Mitchell; assault and battery against Marko; federal civil rights violations against Marko;

federal civil rights violations against the City of Philadelphia; and negligence and negligence per

se against Mitchell.  On May 29, 2008, Defendants City of Philadelphia and Police Officer

Marko petitioned the Court for removal.  Defendant Mitchell declined to join the Petition.  This

matter was removed to this Court on May 29, 2008.  On June 5, 2008, Plaintiff filed the instant

Motion to Remand to state court.

## II. Discussion
### A. Standard of Review

Pursuant to 28 U.S.C § 1441(a), defendants to civil actions filed in state court may

remove to federal district court on the basis of diversity or federal question jurisdiction.[10]  Out of

---

[5] Id. ¶¶ 10-11.

[6] Id. ¶¶ 13, 15.

[7] Id. ¶¶ 16-17.

[8] Id. ¶¶ 18, 20.

[9] Id. ¶ 21.

[10] 28 U.S.C. § 1441(a).

deference to the plaintiff's choice of venue, and in recognition of state court sovereignty, federal law disfavors removal.[11]  Accordingly, federal courts strictly construe removal statutes and resolve all ambiguity in favor of remand.[12]  Generally, pursuant to 28 U.S.C. §1446, all defendants to an action must consent in order to properly remove.[13]  However, four exceptions apply to this rule: 1) nominal parties need not consent; 2) parties fraudulently joined need not consent;[14] 3) under 28 U.S.C. 1441(c), defendants to pure state law claims need not consent if the complaint contains "separate and independent" claims against removing parties over which a federal court has original jurisdiction;[15] and 4) parties not yet served need not consent.[16] Removing Defendants do not contest that Defendant Mitchell was timely served with the Complaint, so the Court will address the first three above exceptions.

For the purposes of this Opinion, the Court will construe Plaintiff's well-pleaded allegations of the Complain as true, and resolve any doubt and ambiguity in favor of remand, as required by the Third Circuit.[17]

B.  Nominal Party Exception

When defendants petition to remove under 28 U.S.C. § 1441(a), they need not obtain consent from "nominal parties."[18]  A "nominal party" is defined as one neither necessary nor

---

[11] Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

[12] Id.

[13] Chicago, Rock Island, & Pacific Ry. Co. v. Martin, 178 U.S. 245, 248 (1900).

[14] Balazik v. County of Daupin, 44 F.3d 209, 213 (3d Cir. 1995).

[15] Knowles v. American Tempering Inc., 629 F. Supp. 832, 836 (E.D. Pa. 1985).

[16] Balazik, 44 F.3d at 213.

[17] Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

[18] Balazik, 44 F.3d at 213.

indispensable to the suit.[19]  A party is necessary and indispensable to the suit if the plaintiff

states a cause of action against the party, and seeks relief from the party.[20]

     In order to state a cause of action in negligence under Pennsylvania law, a plaintiff must

allege facts supporting the four elements of the prima facie case, as follows: 1) defendant owed a

duty of care to plaintiff to guard against reasonably foreseeable risk of injury; 2) defendant failed

to act as a reasonably prudent person in the circumstances; 3) defendant's failure caused

plaintiff's injury; and 4) plaintiff was, in fact, injured.[21]

     Plaintiff alleges that,  Defendant Mitchell should have foreseen that his open display of a

firearm before a crowded house party in a residential neighborhood on New Year's Eve could

provoke dangerous or harmful reactions from people observing him, including police, placing

nearby persons at unreasonable risk of injury.  Moreover, his act of fleeing from police into the

crowded house of party-goers foreseeably placed the party guests at unreasonable risk of injury.

     Under Pennsylvania law, an actor's negligent conduct legally causes a plaintiff's injury if

it is a substantial factor in bringing about that injury.[22]  When determining whether certain

conduct constitutes a substantial factor, Pennsylvania courts consider the number and nature of

other factors contributing to the harm, "whether the actor's conduct has created a force or series

of forces which are in continuous and active operation up to the time of the harm, or has created

---

[19] Id.  Federal Rule of Civil Procedure 19 states that a party is required (read necessary) if: "(A) In that person's absence, the court cannot accord complete relief among the parties; or (B) that person claims an interest relating to the subject of the action and is s situated that the disposition of the action in the person's absense may: (i) as a practical matter impair or impeded the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed R. Civ. P. 19(a)(1) et seq.  However, most courts that have analyzed the issue have simplified Rule 19 in application, as noted.

[20] See, e.g., Farias v. Bexar County Bd. of Trs. for Mental Health Mental Retardation Servs., 925 F.2d 866, 921 (5th Cir. 1991); Costello v. Smith, No. 91-1177, 1992 WL 46871, at *2 (E.D. Pa. March 6, 1992).

[21] Krentz v. Consolidated Rail Corp., 910 A.2d 20, 27 (Pa. 2006).

[22] Jones v. Montefiore Hospital, 431 A.2d 920, 923 (Pa. 1981).

a situation [that is] harmless unless acted upon by other forces for which the actor is not responsible", and the lapse of time.[23]  Here, Defendant Marko's immediate response was the only other factor contributing to the harm, and was a foreseeable response to Defendant Mitchell's flight.  Likewise, although Defendant Mitchell was not responsible for the precise nature of Defendant Marko's response, his flight virtually ensured that some type of potentially risky response would occur.  Finally, Defendant Mitchell's flight and Decedent's injury occurred simultaneously.  Accordingly, Defendant Mitchell's negligent conduct was a substantial factor contributing to Decedent's injury.

Plaintiff thus establishes its prima facie case for negligence against Defendant Mitchell, unless Defendant Marko's response can be properly characterized a superceding cause, destroying the causual link between Defendant Mitchell's negligence and Decedent's injury.  As adopted by the Pennsylvania Superior Court,[24] Section 449 of the Restatement (Second) of Torts states that, "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortuous, or criminal does not prevent the actor from being liable for harm caused thereby."[25]  Thus, in light of the above neglgience analysis, Officer Marko's response cannot act as a superseding cause.

Accordingly, Defendant Mitchell is a necessary party, falling outside the nominal party exception to the universal consent rule.  Since a single cause of action is sufficent to establish

---

[23] American Truck Leasing, Inc. v. Thorne Equipment Co., 583 A.2d 1242, 1243 (Pa. Super. Ct. 1991) (quoting Restatement (Second) of Torts, § 443).

[24] Krasevic v. Goodwill Indus. of Cent. Pa., Inc., 764 A.2d 561, 569 (Pa. Super. Ct. 2000).

[25] Restatement (Second) of Torts § 449 (1965).

Mitchell as a necessary party, we will not address the sufficiency of Plaintiff's additonal claims against Mitchell in negligence per se and intentional infliction of emotional distress.

C. Fraudulently Joined Party Exception

Parties fraudulently joined in an action need not consent to removal.[26]  A party is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[27]  When courts in the Third Circuit find "even a possibility that a state court would find that the complaint states a cause of action" against the defendant in question, they must find the defendant properly joined and remand.[28]  The law does not favor removal and places the "heavy burden" of persuasion on the removing party.[29]

Since Plaintiff has stated a cause of action against Defendant Mitchell, Mitchell was properly joined and the Court must remand unless Petitioners can show that Plaintiff does not intend to prosecute its claim against him.  Neither Petitioners nor the record present any evidence in support of such a contention.  The Complaint explicitly states that Plaintiff seeks relief from Mitchell in excess of $50,000 on three different theories of liability.  Petitioners fail to satisfy their "heavy burden" of persuasion.  Defendant Mitchell was properly joined.

---

[26] Boyer, 913 F.2d at 111.

[27] Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985) (quoting Goldberg v. CPC Int'l, 495 F. Supp. 233, 239 (N.D. Cal. 1980)).

[28] Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1443, 1440-1441 (11th Cir. 1983)).

[29] Id.

D.  Separate and Independent Claims Exception

28 U.S.C. § 1441(c) allows defendants to remove to federal court entire cases containing claims that: 1) would have been removable if tried alone; and 2) are separate and independent of any non-removable state claims.[30]  Defendants removing under § 1441(c) need not obtain the consent of co-defendants who are subject to only such separate and independent, non-removable claims.[31]  In American Fire & Gas Co. v. Finn, the United States Supreme Court interpreted the "separate and independent" clause of 1441(c) to mean that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action . . . ."[32]  This Court elaborated in Mangkoeredjo v. American Airlines, stating that even if plaintiff directs multiple theories of liability at multiple parties, if he has suffered only one injury, his many claims cannot be separate and independent.[33]

Here, there is but one injury—the shooting and resultant death of Decedent.  Although Plaintiff has implicated different Defendants on various theories of liability, including negligence, violation of federal civil rights, intentional infliction of emotional distress, and assault and battery, all claims stem from the one police shooting.  As such, the claims against the City of Philadelphia and Police Officer Marko cannot be separate and independent from the claims against Mitchell, and removal without Mitchell's consent cannot be justified by the "separate and independent" exception.

---

[30] 28 U.S.C. § 1441(c).

[31] Knowles, 629 F. Supp. at 836.

[32] 341 U.S. 6, 71 (1951).

[33] No. 02-4704, 2002 WL 31681970, at *2-3 (E.D. Pa. Nov. 22, 2002).

**III. Conclusion**

Defendant Mitchell is not a nominal party to the suit, he was not fraudulently joined, and Plaintiff's claims against him are not separate and independent from the federal causes of action. As such, none of the three raised exceptions to the unanimous consent rule apply. Because Defendant Mitchell did not consent, removal was defective, and the case will be remanded to state court.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN P. ISAAC,**<br>*As administrator of the estate of Adebe S. Isaac,*<br>*deceased, and on behalf of decedent's survivors,*<br><br>**Plaintiff,**<br><br>v.<br><br>**DONTATE MITCHELL, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**

JUL 2 5 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**CIVIL ACTION**
**No. 08-cv-2505**

### ORDER

**AND NOW**, this 25th day of July, 2008, upon consideration of Plaintiff's Motion to Remand [Doc. No. 2], and Defendant's Response in Opposition [Doc. No. 3], and Plaintiff's Reply [Doc. No. 6], it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.

The Clerk of Court is **DIRECTED** to mark this case **CLOSED**.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

Docket to Stats